## Case No. 1,912.

### BROCK v. HOPPOCK.

[2 N. B. R. (1868) 7 (Quarto, 2).][1]

District Court, S. D. New York.

BANKRUPTCY — INVOLUNTARY—PETITION—ACT OF BANKRUPTCY—"LEGAL PROCESS."

1. Although the letter of the United States bankrupt act of 1867 [14 Stat. 537] would seem to throw the burden of proof upon the debtor to disprove the facts set forth in the petition filed against him, the creditor ought to be compelled to make out his case as in any other issue.

[Distinguished in Re Skelley, Case No. 12,-921. Questioned in Re Price, Id. 11,411.]

2. An examination in supplementary proceedings under section two hundred and ninety-two of the Code of the state of New York is "legal process" within the meaning of section thirty-nine of the bankrupt act.

[Cited in Re Merchants' Ins. Co., Case No. 9,441.]

In bankruptcy. The creditor [Brock] presented his petition under the provision in section thirty-nine of the act which authorizes the creditor to proceed against the debtor and have him declared a bankrupt in case he "shall conceal himself to avoid the service of process in an action for the recovery of a debt or demand provable under the act." The debtor [Hoppock] appeared by counsel and demanded a trial by jury. On the trial the debtor's counsel contended that, notwithstanding the forty-first section of the act provides, "that if upon such hearing and

[1] [Reprinted by permission.]

trial the debtor proves to the satisfaction of the court or the jury that the facts set forth in the petition are not true," still although the letter of the statute would seem to throw the burden of proof upon the debtor to disprove the facts set forth in the petition, yet the petitioner ought to be compelled to make out his case as in any other issue.

BLATCHFORD, District Judge, construed the statute as contended for, and directed the creditor to establish his debt before proceeding to show acts of bankruptcy. The creditor then proved his debt and showed acts tending to prove concealment on the part of the debtor to avoid the service of process. The creditor showed that a number of judgments had been rendered against the debtor, and executions returned, and that orders had been made for the debtor's examination on proceedings supplemental to execution, and that upon attempts to serve such orders the debtor could not be found at his residence or usual place of business.

Mr. Charles Tracy, for the debtor, contended that such an order was not a process. The court held that such an order was a legal process within the meaning of the act.

Mr. Amos G. Hull, counsel for the creditor, then proved that a summons and complaint upon a foreign judgment for ten thousand dollars, in behalf of the petitioner, had been placed in the hands of one of his clerks to be served, and also in the hands of a deputy of the sheriff of the city and county of New York; and that neither his clerk nor the deputy had been able, after numerous efforts, to find the debtor from the 9th of March to the 2d of May. There were numerous witnesses called on behalf of the creditor, tending to show that the friends and relatives of the debtor had stated that he had gone west, but had refused to state where west.

Mr. Tracy cited in debtor's behalf, 1 Wash. C. C. 29 [Barnes v. Billington, Case No. 1,015]; 4 How.

Mr. Hull, on the question of concealment, cited 12 Barb. 265; 9 East, 487; 2 Com. Dig. tit. "Bankruptcy," C.

The jury found a verdict in favor of the creditor, and that the debtor committed the act of bankruptcy set forth in the creditor's petition.

Hull and Childs, for creditor.
Haddock, Tracy & Olmstead, for debtor.

---

## Case No. 1,913.

### BROCK v. The JOHN M. WALSH.

[The case reported under above title in 24 Int. Rev. Rec. 207, is the same as Case No. 7,359.]