Daniel Ringo and F. W. Trapnall, for petitioners.

S. H. Hempstead, Dist. Atty., for the United States.

## Case No. 16,823.

### In re VALLIQUETTE.

[4 N. B. R. 307 (Quarto, 92).] [1]

District Court, S. D. New York. Dec., 1870.

ACTS OF BANKRUPTCY—INVOLUNTARY PETITION—SALE OF STOCK OF GOODS.

Where a stock of goods was sold to a bona fide purchaser, and where there is no evidence that the vendor was insolvent at the time of the sale; but it appearing on the trial that the purchaser had previously tried to buy the stock, and that the vendor had refused, but finally sold out because he wished to change his business, held, that an adjudication would not be made on an involuntary petition, setting up the sale of the stock as the only act of bankruptcy.

The petition contained three allegations of acts of bankruptcy: The first being that Valliquette, being a merchant, had "fraudulently stopped payment of his debts" within six months. The second, that being insolvent, he had made a sale of his stock of goods to a creditor with intent to give him a preference. And third, that he had made a sale of his stock of goods with intent to defraud his creditors. Valliquette filed an answer to the petition, denying the commission of any of the acts of bankruptcy alleged in the petition, and demanded a jury trial.

The trial came on to be heard before HALL, District Judge, and a jury at the November term of the district court, and the petitioners, to sustain this case, called Reynolds, the person who bought Valliquette out, and he testified that some two weeks before the sale he had applied to Valliquette to buy him out, and Valliquette refused to sell; that two weeks later Valliquette sent him word that he had concluded to go into some other business and would sell out. Reynolds was not then a creditor, but finding that Valliquette was owing several parties debts not due, he applied to these creditors, with Valliquette's consent, and arranged that such creditors should take his notes instead of Valliquette's, and give him time.

[1] [Reprinted by permission.]

An inventory was then taken by a disinterested party, and a bill of sale given Reynolds by Valliquette, and Reynolds then took up one thousand two hundred and seventy dollars of Valliquette's outstanding indebtedness, and paid him one hundred dollars in cash for the stock, which was its full value.

There was no evidence offered that Valliquette was insolvent at the time of this transaction, and no evidence of intent to defraud or to give Reynolds a preference other than the inference, if any, which could be drawn from the transaction.

Counsel for Valliquette asked the court to render a verdict for the respondent.

Counsel for the petitioners claimed that inasmuch as it was admitted that Valliquette had not paid the debt due the petitioners (which was an account), he had fraudulently stopped payment within the meaning of the amendment of 1870 [16 Stat. 173]; and that the fraudulent stoppage mentioned in the amendment was not confined to commercial paper, but applied to the non-payment of any debt.

The court adjourned over night and examined the question, and in the morning charged the jury that the position assumed by the petitioners' counsel was untenable, and directed a verdict in favor of the respondent.

William Russell, for petitioners.
George Gorham, for respondent.

