## Case No. 13,390.

### In re STEVENS.

District Court, D. Massachusetts.    March 20,
1877.

## Case No. 13,391.

### In re STEVENS.

[4 Ben. 513;[1] 4 N. B. R. 367 (Quarto, 122).]

District Court, S. D. New York.    Feb., 1871

BANKRUPTCY—VOTING FOR ASSIGNEE—POSTPONING
PROOF OF DEBT—PREFERENCE—JUDGMENT.

1. The power of a register to postpone the
proof of a debt until an assignee has been cho-
sen, includes the case where a doubt arises as
to the validity of a claim by reason of the re-
ceipt of a preference by the creditor, contrary
to the provisions of the bankruptcy act [of
1867; 14 Stat. 517].

[Cited in Re Bininger, Case No. 1,421.]

2. Taking property on attachment or execu-
tion is receiving a preference, but merely recov-
ering judgment is not.

3. It is not necessary for creditors, who have
recovered judgment against a bankrupt after
the adjudication, to vacate their judgments,
in order to prove the claims on which the judg-
ments were recovered.

[Cited in Bourne v. Maybin, Case No. 1,700.]
[Cited in dissenting opinion in Wells v. Edmi-
son, 4 Dak. 46, 22 N. W. 501.]

[In the matter of Ezra M. Stevens, a bank-
rupt.]

[At a court of bankruptcy held at the court-
house in Catskill in said district, on the 24th
day of January, 1871, before Mr. Theodore
B. Gates, register of said court in bankrupt-
cy, this being the day to which the first meet-
ing of creditors in the above-entitled matter,
had been duly adjourned, I sat at the place
above designated for the purpose of holding
such first meeting.

[G. A. Seixas, Esquire, appeared for the
petitioning and sundry other creditors, while
Messrs. A. C. Griswold, S. A. Givens, D. K.
Olney, T. Edwards, and — Hill represented
the residue of the creditors who appeared.][2]

By THEODORE B. GATES, Register.

[The petition was filed in this case on the
27th of September, 1870, and the adjudication
thereon was 10th of October following.  The
question being on the right of creditors thus
represented, and whose depositions for the
proof of their several claims were produced
and filed with me, to vote for assignee, Mr.
Seixas moved to "suspend" sundry proofs
until the appointment of assignee, upon the
ground that the creditors holding such claims
had severally sought to obtain and had ob-
tained a preference over other creditors, in
violation of the provisions of the bankrupt
law, and in support of the motion read two

---

[1] [Reported by Robert D. Benedict, Esq., and
here reprinted by permission.]

[2] [From 4 N. B. R. 367 (Quarto, 122).]

affidavits. The affidavits allege in substance that Throckmorton, Diggs & Co., Potter & Williams, Thomas L. Smith & Co., Olney & King, Peter Rowe, Cornell, Horton & Co., and Addison C. Griswold, being creditors of the said bankrupt, and having reason to believe he was insolvent and not able to pay his debts as they matured, did, between the 17th and 24th September, 1870, sue out attachments against said bankrupt and attach his property; and that said creditors did severally enter up judgment against said bankrupt upon such proceedings after the filing of the petition for adjudication in bankruptcy. The affidavits also further show that George A. Birch and others recovered a judgment against the bankrupt on the 11th day of October, 1870, on which it does not appear that any attachment or final process issued. The affidavits also further show that Daniel W. Jennings recovered a judgment against the bankrupt on the 20th day of September, 1870, and that Roman Stevens recovered a judgment against the bankrupt on the 30th day of September, 1870, and that executions were subsequently issued upon these judgments and levied upon the goods of the bankrupt. These several claims had been already proven, and the depositions we. e before me. It was therefore impossible to literally "suspend" or postpone proof of the claim as provided in the 23d section of the bankrupt law, and rule 6 of this court. Nevertheless, if these several claims are not the proper subjects of proof, under existing circumstances, they should not be represented in the choice of assignee. I therefore adjourned the meeting until the 14th day of February, 1871, in order to submit the question to his honor, Judge Blatchford, whether the affidavits (with the foregoing statement) show a case that would justify and require the register to exclude these creditors from participation in the choice of assignee. If they do show such a case, then would the register be justified, upon a proper application by these creditors, to further adjourn the meeting to enable them to vacate their several judgments and place themselves (if they can) in a position to prove their claims, upon the principle laid down by your honor in Re Brown [Case No. 1,975]. I anticipate this latter question in order to save time and expense, if such a contingency arise.] [2]

BLATCHFORD, District Judge. By section 18 of the bankruptcy act, it is provided, that no person who has received any preference contrary to the provisions of the act, shall vote for an assignee. The power given to the judge, by section 23, and to the register, by rule 6 of this court, to postpone proof of a claim until an assignee is chosen, in a case where there are doubts as to the validity of the claim, or as to the right of the creditor to prove it, and an opinion entertained that such validity or right ought to be investigated by the assignee, includes the power to so postpone where the doubts are whether the claim is valid in view of the receipt of a preference, contrary to the provisions of the act, by the creditor. The provisions which define when a debt can not be proved because of the acceptance of a preference by the creditor, are found in sections 23, 35, and 39. The register ought to exclude from voting for an assignee, all persons who appear to him, on proof, to be thus inhibited from proving their debts. He may do so by postponing the proof of such claims until after the election or appointment of an assignee; and he may do so although the depositions for the proof of such claims have been produced to and filed with him. Whether, under these rules of law, the affidavits presented to the register in this case are sufficient, in point of fact, to justify and require him to exclude any or all of the creditors named from voting for an assignee, can be answered only by saying, that those ought to be excluded who appear to have accepted or received a preference before the petition in bankruptcy was filed, and none others. Taking property on attachment or execution is receiving a preference. Merely obtaining a judgment is not.

As to the second question, I do not regard it as necessary, under the decision in the case of In re Brown [Case No. 1,975], for the creditors who recovered judgments after the adjudication, to vacate their judgments, before they can prove the claims on which the judgments were recovered, provided such claims are otherwise properly provable, under the views above stated.