## In re MILLER et al.

(District Court, W. D. New York. August 18, 1900.)

### No. 2,027.

1. BANKRUPTCY — ACTS OF BANKRUPTCY — SUFFERING OR PERMITTING PREFERENCE.

To constitute an act of bankruptcy, under Bankr. Act, § 3a, subd. 3, by suffering or permitting, while insolvent, a creditor to obtain a preference through legal proceedings, and not having discharged such preference at least five days before a sale or final disposition of the property affected, it is not necessary in all cases that an actual levy on property should have been made; but the payment of money to the sheriff holding an execution, by the debtor or another by his direction, the money being his, and its application by the sheriff on the execution, is a final disposition of property, which completes the preference, within the meaning of the statute, by giving the judgment creditor an advantage over other creditors.

2. SAME—PROOF OF INSOLVENCY.

The inability of a partnership to meet its matured obligations, together with its dissolution, and the transfer of practically all of its property to creditors, either by way of payment or security, leaving other debts unpaid, are facts sufficient to establish its insolvency.

3. SAME—PETITIONING CREDITORS—CREDITOR WHO HAS OBTAINED A PREFERENCE.

A creditor of an insolvent, who, without fraud, has collected a portion of his debt on execution, is not thereby estopped from joining in a petition to have the debtor adjudged a bankrupt; but, before such adjudication will be made, where he is one of the three petitioning creditors required by the statute, he will be required to surrender the preference obtained by means of his judgment and execution, by paying the money collected thereon into court.

4. SAME—AMENDMENT OF PETITION.

Where, on a hearing before a referee on the issues joined on a petition in involuntary bankruptcy, the testimony of the alleged bankrupts discloses an additional act of bankruptcy, not specified in the petition, an amendment will be deemed to have been made to include such act.

In Bankruptcy.

Fred L. Eaton, for petitioners.

Joseph R. & Dana L. Jewell, for alleged bankrupt Miller.

Creighton S. Andrews (Frederick W. Stevens, of counsel), for alleged bankrupt Wood.

HAZEL, District Judge. The petition herein was filed on the 22d day of December, 1899, and, the alleged bankrupts having answered, the issues were referred to Vernon E. Peckham, Esq., referee, to ascertain and report the facts. The referee has made report of the facts, and the matter now comes before the court upon the petitioners' motion to confirm the referee's report, and upon exceptions filed. The first act of bankruptcy alleged in the petition to have been committed herein by the respondents is under section 3a, subd. 3, by which it is provided that acts of bankruptcy by a person shall consist of having "suffered or permitted while insolvent any creditor to obtain a preference through legal proceedings and not having at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such

preference." The referee found that the alleged bankrupts suffered and permitted, while insolvent, judgment to be obtained against them as partners, and proceedings supplementary to execution to be issued thereon, and by and through such proceedings gave creditors an advantage over other creditors of the same class. It may be doubted whether this finding, standing alone, is sufficient to base a finding of the act of bankruptcy. In re Stevens, 4 Ben. 513, Fed. Cas. No. 13,391; In re Rome Planing Mill (D. C.) 96 Fed. 812, 3 Am. Bankr. R. 123. The evidence, however, shows that judgment was recovered on or about the 29th day of September in favor of the Quaker City Fruit Company, one of the petitioners herein, and, execution was issued thereon; that there was paid, to apply on the execution, the sum of $180.96; and that as to the balance the said execution was returned unsatisfied. It appears that the aforesaid sum of $180.96 was paid by a Mr. Andrews, who had collected this amount from debtors of the respondents, and the money so collected was in his possession at the time the execution was issued, or came into his possession soon thereafter. It is strenuously insisted by the alleged bankrupts that not only must a preference be obtained through legal proceedings while the alleged bankrupts are insolvent, but that there must have been a sale or disposition of property from which the debtors have not redeemed, and that the debtors have until five days before a sale in which to vacate or discharge the preference; that in the case at bar there was no levy on the property which the alleged bankrupts were called upon to discharge, and the debtors could not discharge or vacate any levy unless there was some levy made to discharge.

It seems to me that the payment of money to apply on the execution issued was a technical levy. The deputy sheriff having the execution in charge called on each of the alleged bankrupts, and had a conversation with them regarding their property, and was informed by them that Mr. Andrews had in his possession money belonging to them, which he had collected from debtors of the alleged bankrupts. One payment of $100 was made to the deputy sheriff by Mr. Andrews, to apply on the execution, and other payments were subsequently made by him. By section 1405 of the New York Code of Civil Procedure it is provided that "the personal property of the judgment debtors not exempt, by express provisions of law, from levy and sale by virtue of an execution are bound by the execution from the time of the delivery thereof to the proper officer to be executed," and, where the personal property bound by the execution is money, it need not be sold to apply it on the execution. It may be taken and credited on the writ. Section 1410, Code Civ. Proc. N. Y. The amount paid to the sheriff by Mr. Andrews belonged to the defendants in the action, although it was in the possession of another. I think that the application of the money herein by the sheriff on the execution was a final disposition of property. The alleged bankrupts directed its payment and its application on the judgment recovered against them by the petitioner, the Quaker City Fruit Company. This was a preference, within the meaning of section 3a, subd. 3. It gave to the judgment

creditor an advantage over other creditors. The referee found that on August 16, 1899, the debtors were unable to meet the demands and obligations which had accrued against them. They had no ready means to meet their debts, and on that day executed a chattel mortgage upon certain personal property to secure Helen M. Wood, the wife of one of the respondents, for her indorsement of four promissory notes,—three of $100 each, dated May 3, 1899, and one of $400, dated July 11, 1899; there being no date of maturity given for the first three notes, and the fourth note being due and payable on December 1, 1899. The inability of the alleged bankrupts to meet their obligations, the execution of the chattel mortgage, followed by the dissolution of the partnership on December 1, 1899, and the transfer of property to L. Y. Miller, are the strongest evidence of insolvency. The evidence sustains the finding of the referee that the alleged bankrupts, being indebted to one L. Y. Miller, father of Henry C. Miller, respondent, transferred, to be applied on such indebtedness, personal property amounting to the sum of $264.59, and that at the time of said transfer the respondents owed said L. Y. Miller the sum of $130.09. In this manner all of their property belonging to the partnership was disposed of, except bills receivable, on account of which $474.47 was collected. All of these facts not only establish insolvency, but also show a disposition to give preference. It was held in Warren v. Bank, 10 Blatchf. 493, Fed. Cas. No. 17,202, that a debtor knowing himself to be insolvent, who allows an action to proceed to judgment and execution, the effect of which will be to give a preference by legal process, commits an act of bankruptcy. The debtors suffered and permitted a preference to be obtained by the recovery of the judgment, and the issuing of an execution thereon, at least five days before final disposition of the property affected. It has been frequently held that payments to creditors made by an insolvent are preferences, within the meaning of section 60b of the bankruptcy act, if made within four months prior to the filing of the petition, and even though made without intention to prefer. In re Knost, 1 Nat. Bankr. N. 403.

Had a voluntary petition been filed after the issuing of execution, the court, on application, would have stayed the sheriff, and thus the general creditors would have been benefited. The Quaker City Fruit Company is one of the petitioners herein, and the balance unpaid on its judgment against the alleged bankrupt is $227.88; the amount stated in the petition to be owing to J. H. Gail, creditor, is $321.25, and Snyder & Son, creditors, $30.70, unsecured claims,—making in all the sum of $579.83. By section 59b of the bankruptcy act it is provided that "three or more creditors who have provable claims may file a petition to have a person adjudged bankrupt." The claim of the Quaker City Fruit Company becomes a provable claim when it surrenders its preference. The prosecution of the action at law commenced by it for the recovery of the debt is not a bar to proceedings against the debtor in bankruptcy. In re Henderson (D. C.) 9 Fed. 196; Coxe v. Hale, 10 Blatchf. 56, Fed. Cas. No. 3,310. It has been held that a creditor who has given his consent to the act is estopped from thereafter urging it as an act of bankruptcy.

But in the case at bar, the preference obtained by the judgment creditor not being fraudulently obtained, the creditor is not estopped from filing a petition. The fact, however, of the enforcement of the judgment and the payment upon the execution enables this judgment creditor, unless the amount paid is surrendered, to obtain a greater percentage of his debt than any other creditor; and therefore, in order to maintain its petition, such preference so obtained by it must be surrendered. Coxe v. Hale, supra; In re Hunt, 5 N. B. R. 433, Fed. Cas. No. 6,882; In re Rado, 20 Fed. Cas. 153; In re Piper, 2 N. B. R. 7; In re Broich, 15 N. B. R. 11, Fed. Cas. No. 1,921. By section 57g of the bankruptcy act it is provided that "the claims of all creditors who have received preference, shall not be allowed, unless such creditors shall surrender their preferences." The trustee is empowered by section 60b of the act to avoid a preference, and he may recover the property or its value from the person receiving such preference. Electric Co. v. Worden, 39 C. C. A. 582, 99 Fed. 400, 3 Am. Bankr. R. 634. The practice laid down in Re Rado, supra, was to dismiss the petition unless an amendment thereto was made, surrendering the preference. In this proceeding, however, the judgment creditor who has received a partial payment on his execution has elected a remedy open to him in the bankruptcy court. He is bound to surrender to the trustee, as provided by section 60b, the preference received by him, and rely for his payment upon dividends in bankruptcy. Compare In re Rogers Milling Co. (D. C.) 102 Fed. 687. Therefore, before an order adjudicating Henry C. Miller and Elias V. Wood can be entered, the Quaker City Fruit Company will be required to pay into court the amount of money received by it to apply on the execution issued in the action commenced by it against the alleged bankrupts.

Upon the hearing before the referee, evidence was received, under objection, that the alleged bankrupts, being indebted to one L. Y. Miller, father of respondent Miller, had transferred over to said L. Y. Miller certain property to be applied on such indebtedness, and that such application was made within four months of the time of filing the petition. The contention in regard to the admission in evidence of this transfer is that it tends to introduce a new act of bankruptcy, not specified in the petition; and therefore, there being no amendment to the petition, no act of bankruptcy on this finding of the referee can be made. I think that the amendment to the petition must be deemed to have been made. The petitioners learned of this act of bankruptcy from the testimony of one of the alleged bankrupts on the trial. In the Lange Case (D. C.) 97 Fed. 197, 2 Nat. Bankr. N. 85, it is laid down that amendments of this character are allowed to be inserted in the petition, if applied for before the trial; and where such an amendment is not applied for before the trial, and it appears that the alleged bankrupts were not surprised, and the evidence was derived from them, the amendment will be deemed to have been made.

In view of the conclusions reached, it is unnecessary to review the other acts of bankruptcy alleged to have been committed, or any of the other findings of the referee. No error on the trial appears of

record, to authorize a denial of the affirmance of the report of the referee. Upon deposit of the sum of $180.96, the amount of the preference obtained by the Quaker City Fruit Company, judgment creditor, with the clerk of this court, an order may be entered adjudicating Henry C. Miller and Elias V. Wood bankrupts, as prayed for in the petition.