## In re PEARSON.

### (District Court, S. D. New York. July 7, 1899.)

BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCE.

Where a debtor, being the owner of a leasehold interest in real property having a term of years to run, but not assignable without the consent of the landlord, sells the same, and applies part of the proceeds in paying the arrears of rent due, taxes on the property, and the incidental expenses

of the sale, such payment does not constitute a preference of the creditors paid, but merely a means of realizing the value of the leasehold, and therefore is not an act of bankruptcy, on which a petition against the debtor may be maintained.

In Bankruptcy.

Louis Scheuer, for petitioners.
Julius Offenbach, for defendant.

BROWN, District Judge. An adjudication in bankruptcy was sought against the defendant on the ground that, being the owner of a leasehold of hotel property, he had sold out and assigned the lease, with furniture, for $9,000, and applied most of the proceeds in paying certain debts, leaving from $6,000 to $8,000 owing to his general creditors unpaid. The alleged preferences consisted of $5,000 back rent for the four months previous to the sale; also some $700 water taxes, chargeable upon the property; a broker's commission for effecting the sale, and a lawyer's counsel fee in the same business. There was also a small item of $50 paid to the father to replace a very temporary loan to enable the defendant to pay cash for certain supplies, in accordance with an understanding made with the creditors during the month previous while efforts were making to effect a sale of the leasehold.

The lease produced showed that it could not be assigned by the defendant or transferred without the consent of the landlord. It had nearly three years to run, and it was the most valuable asset. In this situation it is manifest that nothing whatever could be realized from the lease except through the landlord's assent to a transfer, which could not be obtained except on payment of the back rent. A transfer to the purchaser, leaving the purchaser to pay the back rent, would necessarily involve the deduction of so much from the purchase price payable to the defendant for the sale of the property; so that evidently it was immaterial whether the transfer took that shape, or whether the purchaser should pay the whole $9,000 to the defendant, he at the same time paying off the back rent and water charges and other incidental expenses of the transaction. The latter was the course actually adopted. The lease was transferred to one Knox, who paid the $9,000 partly in cash, and partly in notes, which were in part immediately applied to pay off the back rent, taxes, and charges connected with the sale. The payment of all these was a necessary condition of realizing anything from the leasehold property, or obtaining the assent of the landlord. They were all paid from Knox's money and notes, and in their essential nature these payments were not preferences, but merely a means of making sale of the leasehold, and realizing what was possible from it. The alleged act of bankruptcy not being established, the petition should, therefore, be dismissed, but in this case without costs.