### In re LANGE.

#### (District Court, S. D. New York. October 30, 1899.)

1. **BANKRUPTCY—CONTESTED PETITION—PROOF OF INSOLVENCY.**
   On the trial of a petition in involuntary bankruptcy, on the issue of solvency, evidence of a letter written by the respondent, stating that he was unable to pay his debts, and calling a meeting of his creditors, for the purpose of inducing them to accept 30 per cent. of their claims, is prima facie proof of his insolvency, and sufficient to sustain a finding against him on that issue, unless overcome by countervailing proof.

2. **SAME—PREFERENCE—PAYMENT OF RENT.**
   Where an insolvent debtor, having a leasehold interest in a bakery where he carries on his business, pays the rent due on the same, as a means of enabling himself to continue the business, but with the purpose of defrauding his creditors, by hoarding and secreting the proceeds of the business so continued, and incurring new business debts without paying any old ones, the payment of the rent should be considered as a fraudulent payment and preference under the bankruptcy law.

3. **SAME—PETITION—AMENDMENT.**
   Where a petition in bankruptcy alleges the payment of a certain debt by the respondent as a preference and an act of bankruptcy, it may be amended, on application duly made, by inserting allegations of other preferential payments made by the respondent before the filing of the petition, and in discharge of debts of like general character with that first mentioned; or such an amendment may be deemed to have been made, and to warrant an adjudication against the respondent, when his own testimony upon the trial of the petition discloses the essential facts as to such other payments of debts.

In Bankruptcy. On petition for adjudication in involuntary bankruptcy.

Myers, Goldsmith & Bronner, for petitioning creditors.
Wagner & Cady, for bankrupt.

BROWN, District Judge. The petition avers insolvency, and a preference intended by the payment of rent on the leasehold of a bakery, used in the defendant's business. The answer is a general denial. The defendant's letter of July 25th, stating his inability to pay his debts and calling a meeting of his creditors for the purpose of inducing them to take 30 cents on a dollar in unsecured notes, is sufficient prima facie evidence of his insolvency, which the different estimates of the value of his lease, good will and fixtures, are not, in my judgment, sufficient to overcome. I find the defendant therefore insolvent.

Payment of rent by an insolvent is not necessarily a preference. But when it is done as a means and for the purpose of carrying on a business in fraud of creditors it should be so regarded. The subsequent conduct of the debtor in this case in the manner of prosecuting his business, with clearly a considerable profit, but without the payment of a dollar on his former debts, and actually incurring new business debts which he does not pay, and thus largely increasing the hoarding of the proceeds which he collected and secreted from the receiver, gives such color to his previous acts, and to the payment of the rent for the presumed purpose of doing this very thing, that I think the payment should be regarded as part of a scheme to defraud; and hence a fraudulent payment and preference under the bankrupt law. The evidence given to bring out these facts also discloses a number of other payments made prior to filing the petition, upon debts previously contracted, though subsequent to paying the rent. These payments were not for a present consideration, and hence were fraudulent preferences of business debts under the act. Though these were not set out in the petition, yet being of like general character as the one debt stated, though not for rent, they would have been allowed to be inserted in the petition by amendment, if applied for before the trial; and as the defendant cannot claim surprise, all the evidence being derived from his own testimony to his own book entries, the amendment should be deemed made; and upon both grounds a decree of adjudication allowed.