## BACHNER v. ROBINSON.
### No. 33.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1939.

Joseph B. Kaufman, of New York City, for appellant.

Lord, Day & Lord, of New York City (Jesse Hoyt, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

In April, 1934, the defendant Robinson leased real estate in New York City known as the Majestic Theatre to Fairdeal Enterprises, Inc., for a term of twenty-one years. The lessee was adjudicated bankrupt in June, 1936, and the plaintiff was elected its trustee. Thereafter he commenced the present action to recover the amounts of two payments alleged to be voidable preferences received by the lessor. After trial to the court without a jury, both causes of action asserted in the complaint were dismissed. The trustee in bankruptcy has appealed.

The first cause of action relates to arrears of rent. On April 29, 1936, the lessee entered into a contract to sell and assign its leasehold, together with all personal property contained in the leased building, to Crelian Amusement Corporation or its nominee. The lessee was then in default under its lease in respect to four monthly instalments of rent, aggregating $3,000, and also in respect to past due taxes in the amount of some $5,500 which the lessee had covenanted to pay. These items, as well as some other debts of the lessee, the purchaser agreed to assume as part of the purchase price. As the lease contained a prohibition against assignment without the written consent of the lessor, the contract of purchase was conditioned on the obtaining of such consent. The lessor refused to execute a consent until the arrears of rent should be paid. On May 9, 1936, they were paid by the purchaser's nominee, Straco Amusement Corporation, and her consent to the assignment of the lease to that corporation was then delivered. On this date the lessee was insolvent and we may take it that the lessor knew, or should have known, this fact. She did not, however, have knowledge of the terms of the April 29th agreement prior to the filing of the petition in bankruptcy.

Upon the foregoing facts the district judge ruled that no preference was received. This was plainly right. To constitute a preference the transfer under attack must diminish the bankrupt's estate. Continental & Commercial Trust & Savings Co. v. Chicago Title & Trust Co., 229 U.S. 435, 439, 444, 33 S.Ct. 829, 57 L.Ed. 1268. The payment of arrears of rent in order to obtain the lessor's consent to an assignment of the lease did not diminish the bankrupt's estate; on the contrary, it enabled the bankrupt to increase its estate by disposing of assets which otherwise would not have been saleable. Although the district judge made no specific finding on the point, it is apparent from the terms of the contract of April 29th that the lease had a value considerably in excess of the rent in arrears. Such value could be realized by the lessee only by obtaining the

lessor's consent to assignment. Furthermore, even if the lease had been freely assignable, the unexpired portion of the lease stood as security for the payment of arrears because the lessor could evict the tenant or its assignee, if the arrears remained unpaid. N.Y.Civil Practice Act, § 1410(2). In reality, therefore, the lessor held a position analogous to that of a secured creditor; it is much as though there had been a mortgage on the leasehold which the purchaser insisted should be paid before he would take title. The payment of a secured claim is not a preference. Johnson v. Root Mfg. Co., 241 U.S. 160, 36 S.Ct. 520, 60 L.Ed. 934; Irving Trust Co. v. Bank of America Nat. Ass'n, 2 Cir., 68 F.2d 887, certiorari denied, 292 U.S. 628, 54 S.Ct. 630, 78 L.Ed. 1482. Hence, even if the case be viewed as though the assignee had paid the whole purchase price to the insolvent assignor and the latter had used a part thereof to pay the arrears of rent, there would be no preference. Such was the holding in Re Pearson, D.C., 95 F. 425. We agree with it. Nor do we find any inconsistency between that decision and the case of In re Lange, D.C., 97 F. 197, which Judge Brown also decided. There the payment of arrears of rent was made by the bankrupt for the purpose of enabling him to carry on his business in such a way as to defraud his creditors. If, as the plaintiff contends, the defendant's purpose in assigning the lease was to enable it to prefer certain of its creditors, the assignment might be a fraudulent conveyance and, had the lessor consented to the assignment with knowledge of the scheme, we may assume without decision that she would have to give up what she received. See Dean v. Davis, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419. But she had no knowledge of the terms of the contract of sale, nor is she chargeable with notice of its terms merely because she knew an assignment was to be made upon the obtaining of her consent and knew the lessee was insolvent. When a transfer for which there has been consideration is attacked as a fraudulent conveyance, only lack of good faith will forfeit the consideration paid by the transferee. Prewit v. Wilson, 103 U.S. 22, 26 L.Ed. 360; In re Locust Bldg. Co., 2 Cir., 299 F. 756, certiorari denied 265 U.S. 590, 44 S.Ct. 635, 68 L.Ed. 1195. Plainly a lessor who has consented to the transfer stands no worse than the transferee.

█ The second cause of action relates to overdue real estate and water taxes, which the purchaser of the leasehold had agreed to assume in the April 29th contract. They had not, however, been paid prior to the lessee's bankruptcy and, subsequent thereto, the lessor ejected the assignee and executed a new lease to Tryon Amusement Corporation, insisting as a condition of granting such lease that the new tenant pay up such overdue taxes. This it did on October 19, 1936, by check made payable to the city of New York. If, as the district judge found, the taxes were paid by the new lessee as a condition of obtaining its lease, the payment was obviously not a preference by the bankrupt. Hough v. Atchison, T. & S. F. Ry. Co., 10 Cir., 34 F.2d 238; O. L. Shafter Estate Co. v. Mooney, 9 Cir., 18 F.2d 836. But the plaintiff argues that all three corporations, purchaser, assignee, and new lessee, being controlled by the same individuals, should be treated as one, and that the money paid for taxes should be considered as paid by the assignee of the original term out of the purchase price of the assignment. Even so, there was no preference. In her written consent to the assignment the lessor reserved her right to eject the assignee if the arrears of taxes were not paid by May 29, 1936, although this was unnecessary since the statute provides that acceptance of rent shall not be a waiver of an existing breach of covenant to pay taxes. N.Y.Civ.Practice Act, § 1410(3). Hence, the assignee took over the term burdened with the lien of overdue taxes, and the discharging of such lien by payment out of the purchase price pursuant to agreement between buyer and seller, did not diminish the bankrupt's estate and could not constitute a preference. The arrears of rent and the arrears of taxes stand on the same footing, as was held in Re Pearson, supra.

Judgment affirmed.