George B. AZAR, As Trustee in Bankruptcy of the Estate of W. T. Gibson, Bankrupt, Appellant,

v.

H. H. MORGAN, Appellee.

No. 19161.

United States Court of Appeals Fifth Circuit.

March 30, 1962.

Rehearing Denied May 11, 1962.

---

Jack Crenshaw, Montgomery, Ala., for appellant.

Albert W. Copeland, Montgomery, Ala., R. E. L. Cope, Union Springs, Ala., for appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

PER CURIAM.

The suit by appellant as trustee in bankruptcy was to declare as preferential under Section 60 of the Bankruptcy Act [11 U.S.C.A. § 96] payments made to a secured creditor within four months of the filing of an involuntary petition in bankruptcy. There is no question raised as to the validity of the real estate mortgages, appellee's remaining securities. The payments consist of a transfer of certain personal property of the bankrupt to the appellee. Appellee's remaining securities are a first and second mortgage on certain real estate. The real estate has not been sold but its market value was stipulated below and the District Court found its value to be the stipulated figure.

Appellant does not dispute the district judge's findings of fact but only his conclusions of law.[1]

---

1. The findings and conclusions as material are:

"The plaintiff, as trustee in bankruptcy of the estate of W. T. Gibson, bankrupt, brings this action as authorized by Sections 60(b), 67(e) and 70(e) of the Bankruptcy Act (11 U.S.C.A. 96, 107, 110) to avoid an alleged preferential transfer to the defendant Morgan. The preferences are alleged to have arisen out of sales to the defendant Morgan of personal property of the bankrupt Gibson, which were subject to certain mortgages held by the defendant. Part of the claim concerns 19,263 chickens, and it is the theory of the trustee as to this part of the claim that the mortgages held by the defendant were invalid as to the creditors because of a failure of recordation in both the county of the residence of the mortgagor-bankrupt and the county in which the chickens were located; that the proceeds of the sale of these chickens are preferential payments to Morgan over other creditors in the same class, even though as between the bankrupt Gibson and the defendant Morgan the mortgages were valid. The remainder of the claim concerns the defendant Morgan's having taken possession of and sold certain chattels (hammermill and truck) for an amount greater than the chattel mortgage on said chattels held by Morgan and the trustee claims that since the proceeds of the sale were greater than the face amount of said mortgages, the sale was preferential and due to be voided as to such excess.

"To these claims, it is the defendant's position that the chattel mortgage on the hammermill and truck created a valid lien

Here complaining of the judgment based on the stipulation and the finding and conclusion of the district judge as to the market value of the land covered by the mortgage, appellant insists that the court erred in receiving the stipulated fair market value as the proper basis for determination and that it should have rejected this stipulated value as immaterial and should have decided the case by finding that the property would not bring its fair value in bankruptcy, and that, notwithstanding the stipulation as to fair value, the finding ought to have been that the property would not bring that value in bankruptcy and that, therefore, there was a preference.

We cannot agree with these views. On the contrary we agree with the findings and conclusions of the district judge, and we think the court, under the statute and decisions, correctly held that there was no preference.

The judgment was right. It is

Affirmed.

on this property, not only in the face amount of the mortgage note, but also for future advances. In this connection, the defendant Morgan says that he was the holder of an admittedly valid real estate mortgage with a future advance provision; that the defendant made the bankrupt certain advances subsequent to the date of both the chattel and the real estate liens; and that these advances are secured by the open-end provision of the real estate mortgage.

"This matter is now submitted upon the pleadings, the evidence taken orally before the Court, and the written stipulation of the parties. * * *

"There is no question but that certain essential elements must be proven by the plaintiff trustee before a transfer, such as is involved in this case, becomes a preferential transfer; this burden of proof is on the trustee. The elements essential to a preferential transfer that are material to this litigation are: (1) transfer by debtor of his property. It is admitted in this case that there was a transfer by the debtor Gibson of his property; (2) the debtor must have been insolvent and this insolvency known to the transferee. There is no question in this case but that Gibson was insolvent and that the defendant Morgan knew of his insolvency; (3) the transfer must have been within four months of filing; that element is present and is not disputed in this case; (4) the creditor by the transfer must be able 'to obtain a greater percentage of his debt than a creditor of the same class'. As to this element, the trustee fails in his proof, since this defendant, as the holder of the security instrument, is not in the same class as other general creditors; and (5) there must have been a diminution in the bankruptcy estate by said transfer. Here again the trustee fails to sustain his burden of proof.

"There is no question in this case but that the value of the bankrupt's real estate exceeded the amount of the mortgages thereon; at the time of the transfer the bankrupt had a substantial equity therein. The bankrupt also owned chickens worth approximately $11,000. The chickens or the money for the chickens was transferred to the defendant. It is clear to this court that by this transfer the bankrupt's equity in the land was increased by the worth of the chickens. Before the transfer bankrupt's property was worth $22,217.15. After the transfer, his property was worth exactly the same amount. The only difference is that after the transfer that the trustee now complains of the bankrupt owned a different kind of property, but the net worth of his estate was not diminished. There can be no depletion or diminution of a bankrupt's estate when there is a transfer by a debtor of money or property in total or partial discharge of a valid and non-preferential existing lien on the bankrupt's property. Such a transfer does not constitute a preference because the assets available for general creditors are not thereby diminished. See Collier, Vol. 3, page 60.22. See also Irving Trust Co. v. Bank of America, etc. [2 Cir.], 68 F(2) 887; Marshall v. Florida National Bank of Jacksonville [5 Cir.], 112 F(2) 380, and cases therein cited."