**In re Fred ZUNI (no initial) and Carmelita Chavez Zuni, Debtors.**

**Steve H. MAZER, Trustee–Plaintiff,**

**v.**

**AETNA FINANCE COMPANY, First National Bank in Albuquerque, Ford Motor Credit Company, Montgomery Ward & Company, Century Finance Company, Sears, Roebuck and Company, Rocky Mountain Bankcard System: Visa, Creditors–Defendants.**

**Bankruptcy No. 79–01142J(c).**

**Adversary Proceeding No. 79–0011.**

United States Bankruptcy Court, D. New Mexico.

Aug. 25, 1980.

Steve H. Mazer, Albuquerque, N. M., trustee–plaintiff.

Charles P. Price, III, Albuquerque, N. M., for Ford Motor Credit Co.

James S. Starzynski, Albuquerque, N. M., for First Nat. Bank in Albuquerque.

Ira M. Karmiol, Rio Rancho, N. M., for Century Finance, Inc.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION

ROBERT A. JOHNSON, Bankruptcy Judge.

This cause came on to be heard on June 18, 1980, having been duly and regularly scheduled for trial at that time. Plaintiff was present in person and appeared *pro se.* Defendant was present by its collection supervisor and attorney, Charles P. Price, III.

Plaintiff brought this action to avoid certain payments allegedly voidable under 11 U.S.C. § 547, the preference section of the new Bankruptcy Code. This section reads in relevant part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; ...

. . . . .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made;

(c) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties stipulated that three installment payments totalling $427.17 were made by debtors on a secured debt within 90 days before filing of the bankruptcy petition. Such a stipulation implies agreement on the existence of an antecedent debt and benefit to the creditor. Only two issues, therefore, remain to be decided: (1) the insolvency of the debtors and (2) the payments' effect on the final distribution of the estate.

■ With respect to the question of insolvency, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f); *see also* 4 Collier on Bankruptcy ¶ 547.26 at 547–96 (15th ed. 1979). The effect of this presumption is merely to shift the burden of going forward and not the burden of proof. Therefore, defendant in this action must come forward with some evidence to rebut the presumption; however, the burden of proof remains on plaintiff. 4 Collier on Bankruptcy ¶ 547.26 at 547–96 (15th ed. 1979).

■ Under the Code, insolvency is determined by a balance sheet test, i. e. whether debts exceed assets. 11 U.S.C. § 101(26)(A); 2 Collier on Bankruptcy ¶ 101.26[1] at 101–44 (15th ed. 1979). On their petition, debtors listed debts amounting to $36,948.14 and a total of $60,679.00 in property. In order to attack this obvious showing of solvency, plaintiff introduced evidence establishing as erroneous the value of a particular piece of property included in the property amount. By correcting the erroneous valuation, debtors' property totals approximately $18,-000.00. Defendant's attempt to discredit this showing was unsuccessful. Accordingly, the Court concludes that plaintiff has carried his burden with respect to the element of insolvency.

■ Section 547(b)(5) is relevant to a determination of the second issue and requires that plaintiff establish that defendant received more than it would have received both if the transfer had not been made and if it had received payment of the debt to the extent provided by the provisions of the Code. The Court has not found any cases under the Code, nor have any been cited, which deal with the second issue and installment payments made on a secured debt within 90 days before the filing of the petition. Under the Act and case law, there are three recognized exceptions to preference attack: (1) payments to a fully secured creditor with a perfected lien; (2) transfers of exempt property; and (3) the right of setoff under § 68. The Code continues the exception for perfected secured creditors. J. Trost, G. Treister, L. Forman, K. Klee, R. Levin, The New Federal Bankruptcy Code at 159 (ALI–ABA Pub. 1979). In such a situation, an examination of prior case law is appropriate:

Although there are a great many changes in the makeup of the new 11 USCS § 547 as compared with former law, large portion of the preference section remains unchanged. Case law construing these provisions of the Bankruptcy Act of 1898 should retain its validity and usefulness under the 1978 Code....

3 Bkr–L.Ed. Code Commentary and Analysis § 23:47 (1979).

■ Preliminarily, it should be noted that, under prior case law, transfers of property made within the proscribed time period were not voidable if they did not result in a depletion of the debtor's estate. *Bachner v. Robinson*, 107 F.2d 513 (2d Cir. 1939); *Rheem v. Allnut*, 64 F.2d 548 (D.C. Cir.1933); *see also Azar v. Morgan*, 301 F.2d 78 (5th Cir. 1962). It has been stated that, consistent with this law, the Code "does not avoid every transfer of property made by the debtor within 90 days of bankruptcy, but only those preferential transfers that result in a depletion of the debtor's estate" and do not fall within the stated exceptions.

4 Collier on Bankruptcy ¶ 547.21 (15th ed. 1979). In some instances, cases under the former law reduced this legal principle to the simple proposition that payment of a secured claim was not a preference. *Bachner v. Robinson, supra; De Aragon v. Chase Manhattan Bank,* 322 F.Supp. 1006 (D.P.R.1971); *see also Irving Trust Co. v. Bank of America Nat. Ass'n,* 68 F.2d 887 (2d Cir.), *cert. denied,* 292 U.S. 628, 54 S.Ct. 630, 78 L.Ed. 1482 (1934); *In re Namekagon Development Company, Inc.,* 2 Bankr.Ct. Dec. 102 (Bk.Ct.D.Minn.1975). Although in many situations such a statement may be true, there are circumstances where such a payment may deplete a debtor's estate, e. g. where the value of the collateral does not exceed the amount of the debt and the periodic decrease in this value does not exceed the amount of the payment made. Therefore, the more correct formulation would be that payment of a secured claim is not a preference if such payment is accompanied by the release of an equivalent value to the estate. *See Irving Trust Co. v. Bank of America Nat. Ass'n, supra.*

▪ In the present case, defendant established that, after the three installment payments had been made, the fair market value of the collateral continued to exceed the amount of the debt. Thus, no depletion of debtors' estate occurred. Accordingly, the Court concludes that these payments do not constitute a preference and rules that those portions of plaintiff's complaint dealing with these payments be dismissed.

▪ However, in so ruling, the Court does not mean to hold that, in all instances, payment of a secured claim is not a preference. As already indicated, the resolution of this issue depends on the value of the collateral, the amount of the debt, the amount of the periodic decrease in the value of the collateral and the amount of payments alleged to be a preference. As long as the combination of these factors do not result in a depletion of the debtor's estate, no preference exists.

IT IS SO ORDERED.