In re Keith E. PEREAU, Debtor.

Keith E. PEREAU, Plaintiff,

v.

C.L. NORVELL, as Sheriff for St. Lucie County, Florida; Freddie C. Taylor, and Michael Brennan, Defendants.

Bankruptcy No. 83–609–BK–J–GP.
Adv. No. 83–410.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 22, 1984.

Albert H. Mickler, Jacksonville, Fla., for plaintiff.

Ronald Bergwerk, Jacksonville, Fla., for defendants.

MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

While this action was initiated as a complaint for injunctive relief, all injunction related issues are now moot, and the issue now before the Court is whether the plaintiff, a Chapter 11 debtor, has established that the events set out in his complaint have created a transfer avoidable as a preference according to the terms of 11 U.S.C. § 547(b) as to the defendants Freddie Taylor and Michael Brennan.

Briefly, those defendants were judgment creditors of the debtor and on September 23, 1983, caused a sheriff's levy to execute against the debtor. On that same day the debtor filed for relief under Chapter 11. Following an evidentiary hearing, the Court determined that sole remaining issue was whether the transfer of the debtor's property to the defendants, which took place during the levy, may be avoided as a preference by the debtor. The Court held that its determination would depend on whether, at the time the defendants had asserted their possessory interest, the debtor was insolvent. Insolvency of the debtor is an element of voidable preference under § 547. Insolvency is defined in the Code (at § 101(26)) as:

> (A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of (ii) property that may be exempted from property of the estate under Section 522 of this title.

It is uncontested that (1) the debtor's homestead is subject to exemption under § 522 of the Code, and (2) that, assuming the correctness of values given in the debtor's schedules, the debtor was, on the day of the levy, insolvent under the statutory definition if the value of his homestead is excluded, *and* if the amount of indebtedness owed by the debtor and secured by that same homestead is *included* as a liability. If, on the other hand, that indebtedness is deemed as not properly counted among the debtor's liabilities, then, according to the balance sheet, the debtor was solvent. A finding of insolvency must be based on a finding that both the asset and the corresponding liability are excluded from the balance sheet. (The debtor's scheduled assets had a total stated value of $795,435, including the $125,000 value of his homestead, $670,435 excluding it, while his scheduled liabilities totaled $740,230.69, including the $91,000 mortgage lien on the homestead and $649,230.69 excluding it. Thus, the treatment of the lien is crucial to any finding of solvency or insolvency.) While § 101(26) clearly mandates exclusion of the asset, we find neither in the statute nor in any reported cases any authorization to exclude the mortgage indebtedness from the liability side.

The only means of statutory construction by which we could reach the result urged by the defendants would be to engraft onto § 101(26)(A)(ii), in addition to its actual language, an implicit, "or the value of any liens encumbering property which may be claimed as exempt." That approach to construction would be interpolation into the statute of distinctive material which Congress, whether by design or inadvertence, did not include.

In view of the plain meaning of the statute and in the absence of persuasive authority to the contrary, we find that on September 23, 1983, the debtor was insolvent and that the defendants' levy on his property thus created a transfer avoidable as a preference.

Therefore, it is held that the preference created by the execution of the levy is avoided and that the claims of the defendants' shall have the status of general unsecured debt.

An Order in accordance with this Opinion has been separately entered this date.