**In re Franklin Alex ESPINOZA and Eva Louise Espinoza, Debtors.**

**Steve H. MAZER, Trustee, Plaintiff,**

v.

**ROADRUNNER TRUCKING INC., a New Mexico Corporation, Defendant.**

**Bankruptcy No. 7–84–00502 MA.**
**Adv. No. 84–0207 M.**

United States Bankruptcy Court, D. New Mexico.

July 23, 1985.

Steve H. Mazer, Albuquerque, N.M., for plaintiff.

Will Jeffrey, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the trustee's complaint to set aside a preferential transfer, pursuant to 11 U.S.C. § 547. The defendant claims that the debtor was not insolvent at the time the transfer took place, and that the transfer is thus not preferential. The question before the Court is whether insolvency as used in 11 U.S.C. § 547, is the same as insolvency as defined in 11 U.S.C. § 101(29).

The defendant, Roadrunner Trucking, Inc., obtained a judgment against the debtors on January 18, 1984. This judgment was filed against the debtors' property. The property was subsequently sold, and closing took place on March 30, 1984. The title company paid over to the defendant $2,323.04 on April 4, 1984. The petition in bankruptcy was filed on April 16, 1984.

The trustee plaintiff asserts that the debtor was insolvent at the time funds in escrow were transferred to Roadrunner Trucking since after the debtor claimed his exemptions, his liabilities outweighed his assets. The defendant claims that under a simple balance sheet test, the debtor was not insolvent.

Two decisions from the United States Bankruptcy Court for the District of New Mexico have addressed the issue of insolvency as it relates to 11 U.S.C. § 547 preferential transfers, however, they do not address the issue at hand specifically.

In *In re Rocky Mountain Ethanol Systems, Inc.,* 21 B.R. 707 (Bkrptcy. D. NM 1981), the Court states "[i]nsolvency, as determined by the Bankruptcy Code, exists

when the sum of the debtor's debts is greater than the sum of the debtor's assets. 11 U.S.C. Section 101(26)." *Id.* at 709. However, the Court did not address the issue of exemptions as they relate to the definition of insolvency, since corporations are not entitled to claim exemptions.

In *In re Fred Zuni,* 6 B.R. 449, 6 B.C.D. 1222 (Bkrptcy. D. NM 1980), the Court stated "[u]nder the code, insolvency is determined by a balance sheet test, i.e., whether debts exceed assets. 11 U.S.C. § 101(26)(A) [further citations omitted] *Id.* In that case, the Court had no need to address the question of exemptions, since the debtors' assets were determined to have a value of $18,000.00 and his debts were $36,948.14.

The notes of Committee on the Judiciary, Senate Report No. 95–981 are helpful in explaining the intent of Congress when they state:

> The definition of "insolvent" in paragraph (26) is adopted from section 1(19) of current law [former section 1(19) of this title] an entity is insolvent if its debts are greater than its assets, at a fair valuation, exclusive of property exempted or fraudulently transferred. It is the traditional bankruptcy balance sheet test for insolvency.... The difference in this definition from that in current law is in the exclusion of exempt property *for all purposes* in the definition of insolvency. (emphasis added)

Prior to the adoption of the Code, the straight balance sheet test was the rule, however, this is one of the changes that was effected with the adoption of the 1978 Code over Section 60 of the Bankruptcy Act of 1898. *See generally* 11 U.S.C. § 96, *Cusick v. Second National Bank,* 115 F.2d 150 (1940), *Mack v. Bank of Lansing,* 396 F.Supp. 935 (D.C.Mich.1975).

The clear intent of Congress is for the definition of insolvency to be consistent throughout the code, and thus the proper method for determining insolvency for purposes of preferential transfers is by using a balance sheet test to determine whether the debts are greater than the assets, ex-cepting the exempt property. 11 U.S.C. § 101(29).

Counsel for the debtor and the trustee agreed that if the exempt property was deducted from the value of assets less the liabilities that the debtor would show a negative worth (hence insolvency). Because this Court finds that this is the proper test for determining insolvency, the Court finds that the trustee proved that the debtor was insolvent at the time of the transfer to Roadrunner Trucking, Inc., and the transfer was preferential.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.