**In re Donald Howard WOMMACK & Sarah Nell Wommack, Debtor(s).**

**Bankruptcy No. 86–07212.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

June 12, 1987.

Robert E. Gibson, Tallahassee, Fla., Trustee.

C. Edwin Rude, Jr., Tallahassee, Fla., for G.M.A.C.

Winifred Jernigan, Tallahassee, Fla., for debtor.

## MEMORANDUM OPINION AND ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the trustee's objection to claim and motion seeking to compel General Motors Acceptance Corporation (G.M.A.C.) to turn over to the trustee title to a 1984 Chevrolet C–10 Pickup Truck. Although the underlying nature of this proceeding is the attempted avoidance of a preference and thus properly brought in an adversarial context, the parties hereto stipulated to submission of the facts and issues by way of the trustee's objection to claim and motion in the administrative case. The matter having been submitted to the Court on the basis of a Partial Stipulation of Facts and the deposition of Mrs. Joyce Helton, and the Court having heard argument of counsel and being otherwise advised in the premises, finds that the trustee's objection and motion should be sustained and granted.

## FACTS

The facts as shown in the record reflect that on August 16, 1986, the debtor, Donald Wommack, purchased and took possession of the Chevrolet Pickup from Bill Thomas Chevrolet, Inc. of Tallahassee, Florida, giving G.M.A.C. a purchase money security interest therein. This transaction took place within the ninety (90) day preference period under § 547 of the Bankruptcy Code, the debtors having filed their Chapter 7 petition on October 7, 1986.

On October 3, 1986, forty-eight (48) days after the sale of the vehicle and creation of the security interest, the application for certificate of title and vehicle registration for the Chevrolet Pickup purchased by the debtor and containing the notice of the lien of G.M.A.C. was delivered to the office of the Leon County Tax Collector. A Certificate of Title was thereafter issued reflecting the lien of G.M.A.C.

Section 547(b) of the Bankruptcy Code empowers the trustee to avoid certain transfers of the debtor's interest in property occurring within ninety (90) days of the petition date:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title [11 USCS §§ 701 et seq.];

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title [11 USCS §§ 101 et seq.].

General Motors Acceptance Corporation contests the application of § 547(b) based

on the element of insolvency. It contends that the debtor who purchased the vehicle, Donald Wommack, was solvent on October 3, 1986, when he transferred an interest in the Chevrolet Pickup to G.M.A.C.

For purposes of the avoidance provision of § 547, insolvency of the debtor on and during the ninety (90) days immediately preceding the date of filing of the petition is presumed. (§ 547(f)). Thus it is the creditor's burden to sufficiently rebut or meet the statutory presumption of the debtor's insolvency. If the creditor does not produce "some evidence tending to prove solvency, the trustee will prevail on the issue without more. (See 4 *Collier on Bankruptcy*, § 547.[5] at 547–84 (15th Ed. 1987)).

■ The definition of insolvent for purposes of § 547 is that found in § 101(31): "insolvent" means—

(A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title [11 USCS § 522; ... (See, *In re Espionoza*, [*Espinoza*], 51 B.R. 170 (Bkrtcy.D.N.M.1985)).

General Motors Acceptance Corporation contends that since Florida, has opted out of the federal exemption specifications, a debtor has no "property that may be exempted" under § 522 of the Bankruptcy Code. A debtor nonetheless acquires the *right* to exempt property from a bankruptcy estate pursuant to § 522(b)(2)(A), therefor the creditor's contention is without merit.

■ Alternatively, G.M.A.C. argues that in excluding exempt assets from the computation of total assets, the debt due on that exempt asset should likewise be excluded from the liability computation. General Motors Acceptance Corporation has offered no authority for this interpreta-

tion of § 101(31) and the Court finds none. Rather the case of *In re Pereau,* 37 B.R. 902 (Bkrtcy.M.D.Fla.1984), submitted by the trustee, appears to be the proper reading of § 101(31) and this Court concurs therein, to wit:

While § 101(26) clearly mandates exclusion of the asset, we find neither in the statute nor in any reported cases any authorization to exclude the mortgage indebtedness from the liability side.

The only means of statutory construction by which we could reach the result urged by the defendants would be to engraft onto § 101(26)(A)(ii), in addition to its actual language, an implicit, "or the value of any liens encumbering property which may be claimed as exempt." That approach to construction would be interpolation into the statute of distinctive material which Congress, whether by design or inadvertence, did not include.

(§ 101(26) was renumbered to § 101(31) by amendments in 1984 and 1986).

■ Reference to the debtors' schedules filed with this petition, in particular, to the Summary of Debts and Property, reveals $58,074.13 as the total assets of both debtors. From this figure, $50,714.13 should be deducted as the amount of assets claimed as exempt by the debtors. The only remaining asset value shown on the schedules is $7,150.00 representing the value of debtors' vehicles. The debt reflected on this summary is $56,725.85. The creditor, G.M.A.C., has submitted as further evidence testimony of the debtors referencing the possible existence of other inadvertently omitted assets. However, any such assets are of nominal value relative to the liabilities of these debtors. A breakdown of Donald Wommack's personal liability (as opposed to all liabilities joint and several) on the listed debts reflects a sum in excess of $30,000.00 owed. The creditor has introduced no other evidence tending to rebut the debtor's *insolvency.* The trustee must therefor prevail on this issue.

There being no exception or savings provision applicable to the facts herein, the perfected security interest of G.M.A.C. in the debtor's Chevrolet Pickup must be

deemed subject to avoidance as a preference pursuant to Section 547(b) of the Bankruptcy Code.

In accordance herewith, it is

ORDERED AND ADJUDGED that the trustee's objection to the claim of G.M.A.C. as a secured creditor be, and it hereby is, sustained, and G.M.A.C. shall deliver to the trustee title to the debtor's automobile free and clear of its recorded lien. General Motors Acceptance Corporation's claim as an unsecured creditor herein shall be allowed.