In re Paula M. HOLLVEY, Debtor.

**Richard D. ELLENBERG as Trustee, Plaintiff,**

v.

**FIRST NATIONAL BANK d/b/a First Atlanta, Defendant.**

Bankruptcy No. 80–0158A.
Adv. No. 80–0528A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Dec. 15, 1981.

Richard Ellenberg, Atlanta, Ga., for plaintiff.

Marilyn Dale Britwar, Atlanta, Ga., for defendant.

## ORDER

HUGH ROBINSON, Jr., Bankruptcy Judge.

This is before us on cross-motions for summary judgment. The issue to be decided is whether or not the debtor made a preferential transfer to defendant First National Bank ("FNB").

The facts are not complicated. On May 1, 1978 debtor Paula M. Hollvey received an installment loan in the amount of $3,146.88 from FNB. This loan was guaranteed by her father and secured by a savings account in his name. On February 11, 1980 FNB received a check for $1,800.00 from the bank where debtor's father kept his savings. It was made payable to FNB. The check was for slightly more than the amount of the outstanding indebtedness, and therefore, in order to give debtor the balance of the check, FNB through an Assistant Vice President of the bank, John McGill, requested debtor to endorse the check. Mr. McGill stated in his affidavit that "said endorsement was given solely for the purpose of allowing Ms. Hollvey to receive $149.66. At no time was this check cashed or the entire $1,800.00 given to Ms. Hollvey." (Plaintiff objects to this portion of the affidavit.) Debtor, less than two months later, filed for bankruptcy. Plaintiff filed this action in order to recover the payment made to FNB as a preference.

## DISCUSSION

We first address plaintiff's objection to statements in Mr. McGill's affidavit.

Plaintiff objects that the above-noted statement is a mere conclusion and hence inadmissible, and that the check is the document which is the highest evidence. The Court agrees that the check would be the highest and best evidence, however we also feel that the proferred statement need not be read in conflict with the written evidence of the check. Nor do we feel Mr. McGill's statements are conclusory in nature. Mr. McGill's statements explain circumstances of which he was personally aware, and he was in a position to know personally and so state that "at no time was this check cashed or the entire $1,800.00 given to Ms. Hollvey." Mr. McGill indicates in paragraph 4 of his affidavit that *he* asked Ms. Hollvey to endorse the back of the check. Mr. McGill was present and involved in the transaction. We can find no reason therefore to sustain plaintiff's objection to these statements. The Court can sort through hearsay and conclusions and consider admissible portions of affidavits, rendering to them such weight and credibility as they deserve. See *Goger v. Standard Food Services, et al.*, Bankruptcy No. 80–2414A, Adversary No. 80–0966A, (Dec. 10, 1981, B.C.N.D.Ga., Robinson, B.J.).

Plaintiff asserts that because this check was endorsed to Ms. Hollvey and briefly in her control that a preference occurred when she endorsed it and the majority of the funds remained in the bank. A consideration of the totality of the circumstances shows clearly that this result cannot be reached when viewed in light of the overriding policies and spirit of the Bankruptcy Code. We note that there is no reason why a third-party cannot take it upon himself to pay the debts of another, and therefore help in his own way to facilitate the debtors eventual fresh start. Here the debtor's father has attempted to pay his daughter's debts with his own funds. To hold that FNB's actions in trying to return to the debtor those funds in excess of the amount needed to pay off the loan should

lead to a preference would be to exalt form over substance and lead to an absurd result discordant with the equitable nature of bankruptcy proceedings. While there may be a technical preference created by the actions of the parties in this case, we do not feel it is the kind of transaction meant to be avoided under § 547(b) (11 U.S.C.). The check payable to FNB was never meant to be paid to debtor, but was intended to directly pay her debt. The estate of the debtor has not been diminished, and that is the concern of § 547(b). To find a preference on the facts before us would not do equity among the parties. It is therefore

ORDERED that defendant's Motion for Summary Judgment be granted, and plaintiff's Motion for Summary Judgment and Objection to Affidavit be denied.