In the Matter of Alexander Pollock **DEMPSTER, III, a/k/a A.P. Dempster, III, Sandy Dempster, d/b/a Dempster's Appliance Sales & Service, Dempster's Appliance Repair, Debtor.**

Coleman **TIDWELL, Trustee, Plaintiff,**

v.

**MERCHANTS & FARMERS BANK OF MILLEDGEVILLE, Defendant.**

Bankruptcy No. 81–50769–Mac.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

March 26, 1984.

William M. Flatau, Brown, Katz, Flatau & Hasty, Macon, Ga., for plaintiff.

Robert H. Herndon, Milledgeville, Ga., for defendant.

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

## STATEMENT OF THE CASE

On July 21, 1981, Alexander Pollock Dempster, III, d/b/a A.P. Dempster, III, Sandy Dempster, d/b/a Dempster's Appliance Sales & Service, Dempster's Appliance Repair, Debtor, filed his voluntary petition under Chapter 7 of the United States Bankruptcy Code. Mr. J. Coleman Tidwell was appointed as trustee of Debtor's bankruptcy estate, and on January 12, 1983, Mr. Tidwell, Plaintiff, filed a complaint under 11 U.S.C.A. § 547 (West 1979), in which he seeks to recover certain transfers made by Debtor to the Merchants & Farmers Bank of Milledgeville, Defendant.

On January 14, 1983, Plaintiff filed with this Court, and served upon Defendant, certain interrogatories. On February 3, 1983, Defendant filed its answer to Plain-

tiff's interrogatories. On April 26, 1983, the deposition of Mr. Charles Purvis, the senior vice president of Defendant, was taken, and it was subsequently filed with the Court. Before the Court is Plaintiff's motion for summary judgment, which is supported by Plaintiff's affidavit and a brief. Defendant did not file affidavits in opposition to the motion, but filed a brief.

After considering Defendant's answer to Plaintiff's interrogatories, the deposition of Mr. Purvis, Plaintiff's affidavit, and the arguments and briefs of counsel, the Court is of the opinion that Plaintiff's motion should be granted in part and denied in part. In support of its conclusion, the Court publishes the following findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On September 26, 1980, and December 14, 1980, Debtor received commercial loans from Defendant and executed promissory notes to evidence the indebtedness. The promissory notes were secured by a lien on Debtor's inventory. On April 24, 1981, Debtor made two interest payments to Defendant in the amounts of $981.45 and $158.62. On May 12, 1981, Debtor paid another interest payment of $84.23. The $981.45 payment and the $84.23 payment were applied to the September 26, 1980, note, and the $158.62 payment was applied to the December 14, 1980, note. It is the total of these three interest payments, $1,224.30, that Plaintiff seeks to recover.[1]

In this adversary proceeding, Plaintiff moves for summary judgment. The standard for the Court to apply for the granting or denying of a motion for summary judgment is found in R.Bankr.P. 7056, which adopts Fed.R.Civ.P. 56 in its entirety. Fed.R.Civ.P. 56(c) provides, in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Under Fed.R.Civ.P. 56, the movant bears the initial burden to show that there is no material issue of fact for trial, and that he is entitled to judgment as a matter of law. If the movant does not satisfy his initial burden, the nonmoving party is under no obligation to submit evidence in opposition to the motion. *Adickes v. H.S. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In determining whether the movant has met his burden, the Court must view the evidence in a light most favorable to the nonmoving party. Even if facts are undisputed, the Court should deny the motion if it is unclear what inferences should be drawn from the undisputed facts. *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982) (Unit B). Once the movant has met his burden, however, the burden is shifted to the nonmoving party to come forward with specific evidence that presents a factual issue for trial. *Adickes*, 398 U.S. at 160, 90 S.Ct. at 1609. Applying these standards, the Court may grant summary judgment on the entire case or may grant a partial summary judgment. *Griffith v. Realty Executives, Inc. (In re Griffith)*, 6 B.R. 750 (Bankr.D.N.M.1980). The Court now will turn to the affidavit, interrogatories, deposition, and pleadings on file.

Plaintiff bases his complaint on 11 U.S. C.A. § 547(b) (West 1979), which provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

---

**1.** Plaintiff originally sought to recover $1,601.06. Plaintiff, however, after reviewing the evidence on file, limited his argument to the recovery of $1,224.30.

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties stipulate that all the elements of a preferential transfer set forth in section 547(b) have been met except for two. Defendant denies that Debtor was insolvent at the time of the transfers. Defendant also denies that the transfers enabled it to receive more than it would have received if the transfers had not been made and it were paid in accordance with the Bankruptcy Code.

As evidence of Debtor's insolvency at the time of the transfers to Defendant, Plaintiff relies on the statutory presumption of insolvency.[2]  Fed.R.Evid. 301 provides:

In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

The first issue before the Court is whether Defendant has presented evidence sufficient to meet or rebut the statutory presumption of Debtor's insolvency during the ninety-day period prior to the filing of Debtor's bankruptcy petition.

█ In a preference action, the party opposed to the summary judgment motion must produce more than speculative evidence of solvency in order for the party to rebut the statutory presumption of insolvency.  In *Sandoz v. Fred Wilson Drilling Co. (In re Emerald Oil Co.)*, 695 F.2d 833 (5th Cir.1983), the trustee sued to recover a preferential transfer.  In a motion for summary judgment, the trustee relied on the statutory presumption of insolvency.  The defendant produced an accountant who testified that the trustee's accountant may have undervalued the debtor's assets.  The defendant's accountant did not testify that the debtor's assets exceeded its liabilities on the date of the alleged preferential transfer.  In finding the testimony insufficient to rebut the statutory presumption of insolvency, the court noted:

To hold that any sort of speculative showing by the party opposed to the presumption would cause it to disappear, no matter how tenuous the claim of possible solvency, would in our view resurrect the mischief ... that was intended to be cured by the 1978 Code's creation through section 547(f) of the statutory presumption of insolvency.

695 F.2d at 839.

In response to Plaintiff's interrogatory number six, which requested that Defendant state all information tending to show Debtor's solvency during the ninety days prior to the bankruptcy filing, Defendant responded as follows:

(6)

Dempsters last financial statement furnished the bank dated December 31, 1979, showed solvency.

Personal and Business checking accounts of Dempster with said bank during the time payments received showed a solvent position with no overdrafts.

---

**2.**  11 U.S.C.A. § 547(f) (West 1979) provides: "For the purposes of this section the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

Dempster was still conducting regular business during the time payments were received.

This answer to Plaintiff's interrogatory number six is the only evidence presented to the Court by Defendant to support its contention that Debtor was solvent.[3]

■ The Court is of the opinion that Defendant's showing is insufficient to meet the statutory presumption of insolvency and thus fails to create a genuine issue as to Debtor's insolvency during the ninety-day preference period. Insolvency is defined in 11 U.S.C.A. § 101(26) (West 1979), in part, as follows:

(26) "insolvent" means—

(A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title; and

. . . .

The gist of section 101(26) is that a debtor is insolvent when his liabilities are greater than the fair market value of his assets. Thus, even if Debtor's bank accounts "showed solvency," and there had been no overdrafts in the accounts at the time the payments in question were made, there would be no showing of solvency. Defendant cannot show solvency by only looking to Debtor's bank accounts. *See Sandoz v. Fred Wilson Drilling Co. (In re Emerald Oil Co.)*, 695 F.2d 833 (5th Cir.1983); *Edmondson v. Caldwell (In re Phippens)*, 4

B.R. 155 (Bankr.M.D.Tenn.1980); *Mazer v. Aetna Finance Co. (In re Zuni)*, 6 B.R. 449, 6 Bankr.Ct.Dec. 1222 (Bankr.N.M. 1980). Likewise, evidence that Debtor was doing business regularly does not demonstrate that Debtor was solvent because it does not make any showing as to Debtor's assets and liabilities.

The Court is of the opinion that Defendant's showing is not sufficient to overcome the presumption of insolvency contained in the Bankruptcy Code. When a party seeks to overcome the statutory presumption of insolvency, he must introduce some evidence tending to show that the debtor was solvent at the time of the alleged preferential transfer. 11 U.S.C.A. § 547(b) (West 1979). In this adversary proceeding, Defendant's showing of a financial statement that predates bankruptcy by eighteen months, bank accounts with positive balances, and that Debtor was conducting business, simply does not address the question of whether Debtor's assets exceeded his liabilities. Since there is no genuine issue of fact as to Debtor's insolvency, Plaintiff is entitled to summary judgment on the issue of insolvency.

Defendant also denies that the transfers enabled it to receive more than it would have received if the transfers had not been made and it had received payment of its debt in accordance with the Bankruptcy Code. Plaintiff has submitted his own affidavit, stating that upon distribution, the unsecured creditors will receive approximately twenty-two percent on the dollar.[4]

When a party submits an affidavit in support of his motion for summary judgment, the affidavit must be strictly construed.[5] In *Energy Cooperative, Inc. v.*

---

3. The same evidence was repeated in the deposition of Mr. Purvis.

4. The Court would be remiss if it did not note here that it has doubt about the propriety of Plaintiff's giving an affidavit in support of his motion for summary judgment. Plaintiff serves in two capacities in this bankruptcy case, one being trustee and the other being attorney for the trustee. *See* ABA Code of Professional Responsibility DR 5–102. *See also Brennan's, Inc.*

*v. Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir.1979); *Inglett & Co. v. Everglades Fertilizer Co.*, 255 F.2d 342 (5th Cir.1958). The Court, however, need not reach this issue since it has found the affidavit to be improper on other grounds.

5. A court may, in its discretion and on its own motion, refuse to credit a defective affidavit. *CMS Indus., Inc. v. L.P.S. Internat'l, Ltd.*, 643 F.2d 289 (5th Cir.1981) (Unit B).

*Farmers Union Central Exchange, Inc. (In re Energy Cooperative, Inc.),* 17 B.R. 600, 8 Bankr.Ct.Dec. 834 (Bankr.N.D.Ill. 1982), the court stated: "When determining the propriety of granting a motion for summary judgment affidavits of the movant shall be strictly construed and those of the party opposing shall be liberally construed, after which any doubts as to the propriety of granting the motion should be resolved in favor of the non-moving party." *Id.* at 610, 8 Bankr.Ct.Dec. at 839. *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

An affidavit must be made on the affiant's personal knowledge and state facts otherwise admissible at trial. 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2738 (1983). Furthermore, affidavits containing ultimate, conclusory statements have no probative value in a motion for summary judgment. *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135 (5th Cir.1973); *Ellenberg v. First National Bank,* 15 B.R. 850 (Bankr.N.D.Ga.1981).

█ In this adversary proceeding, Plaintiff's affidavit contains conclusions as to the ultimate distribution from Debtor's bankruptcy estate. Plaintiff's affidavit states that all assets of Debtor are either encumbered in an amount greater than their value, abandoned, or have no realizable value. Plaintiff further gives a figure for the total number of claims filed, and concludes, "In my opinion unsecured creditors will receive a dividend of not more than 22 percent on the dollar." The Court is of the opinion that Plaintiff's conclusory statement is not supported adequately by facts within Plaintiff's personal knowledge. Plaintiff states in his affidavit the value of Debtor's assets without giving a basis for the valuation. Then, using this value as a premise, Plaintiff gives his opinion as to the ultimate distribution. Moreover, Plaintiff's affidavit is a conclusory opinion of an interested party. *See Madison v. Deseret Livestock Co.,* 574 F.2d 1027 (10th Cir. 1978) (summary judgment should not be granted on the basis of an interested par-

ty's affidavit where the facts cited therein are within that party's exclusive knowledge). The Court thus concludes that it is not proper for it to consider Plaintiff's affidavit, and that summary judgment therefore must be denied on the issue of the greater percentage test.

Having addressed the elements of a preferential transfer under section 547(b), the Court turns to the exceptions to the avoidability of a preferential transfer found in section 547(c). Defendant asserts that the exceptions of section 547(c)(1), (2), (4), and (5) are applicable in this adversary proceeding. Those subsections provide:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms;

. . . .

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;

(5) of a perfected security interest in inventory or a receivable or the proceeds of either, except to the extent that the aggregate of all such transfers to the transferee caused a reduction, as of the date of the filing of the petition and to the prejudice of other creditors holding unsecured claims, of any amount by which the debt secured by such security interest exceeded the value of all security interest for such debt on the later of—

(A)(i) with respect to a transfer to which subsection (b)(4)(A) of this section applies, 90 days before the date of the filing of the petition; or

(ii) with respect to a transfer to which subsection (b)(4)(B) of this section applies, one year before the date of the filing of the petition; and

(B) the date on which new value was first given under the security agreement creating such security interest;

11 U.S.C.A. § 547(c)(1), (2), (4), (5) (West 1979). After considering the evidence in the light most favorable to Defendant, the Court finds that none of the defenses raised by Defendant are applicable in this adversary proceeding.

The only evidence offered by Defendant to support its argument under section 547(c)(1) is the testimony of Mr. Purvis. The deposition of Mr. Purvis reveals that the transfers to Defendant were interest payments on existing loans. Mr. Purvis testified that the interest payments were required before Debtor was permitted to renew the loans. Defendant argues that because renewal was conditional upon the interest payments, section 547(c)(1) is applicable. The Court cannot agree.

■ The language of section 547(a)(2) clearly states that "new value ... does not include an obligation substituted for an existing obligation." 11 U.S.C.A. § 547(a)(2) (West 1979). In this adversary proceeding, the undisputed testimony of Mr. Purvis reveals that existing notes were renewed, the same collateral was recited in the renewal notes, and no new monies were advanced. Under these circumstances, no new value was extended to Debtor. *See In re Duffy*, 3 B.R. 263, 6 Bankr.Ct.Dec. 88, 1 Collier Bankr.Cas.2d 641 (Bankr.S.D.N.Y. 1980). Therefore, section 547(c)(1) is not applicable in this adversary proceeding. For the same reason (the lack of Defendant's extending new value), section 547(c)(4) also is not applicable in this adversary proceeding.

■ Defendant also raises section 547(c)(2), the ordinary course of business exception, as a defense. There is no conflict in the evidence that the interest payments were made more than forty-five days after Debtor received his loans from Defendant. The testimony of Mr. Purvis reveals that Debtor signed promissory notes on September 26, 1980, and December 14, 1980. The interest payments were made on April 24, 1981, and May 12, 1981. Therefore, the transfers were not within forty-five days of the debts being incurred by Debtor, and section 547(c)(2) is not applicable.

■ Defendant's final defense is based on section 547(c)(5). Section 547(c)(5) is intended to deal with floating liens on inventory, and precludes a preference attack except to the extent that the lienholder improves its position during the ninety-day preference period. Section 547(c)(5) thus allows the trustee to recover the value of the lienholder's improved position. 4 Collier on Bankruptcy ¶ 547.41 (15th ed. 1983). In this adversary proceeding, Plaintiff has not sought to recover from Defendant for any improvement in position, and section 547(c)(5) is not applicable.

In sum, Plaintiff has demonstrated that none of the section 547(c) exceptions raised by Defendant are applicable in this adversary proceeding.

Thus, Plaintiff is entitled to summary judgment on the issue of insolvency and the section 547(c)(1), (2), (4), and (5) defenses. The only issue remaining for trial is the greater percentage test of section 547(b)(5).

Plaintiff requests that costs of this adversary proceeding be taxed against De-

fendant. Since Plaintiff has shown no basis for such an award, the request must be denied.