In the Matter of David E. LAWRENCE, Individually and d/b/a Fanfare Shoes, Debtor.

William M. FLATAU, Trustee, Plaintiff,

v.

TRIBBLE'S SHOES, INC., Defendant.

Bankruptcy No. 86–30466.
Adv. No. 87–3008.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Jan. 26, 1988.

William M. Flatau, Macon, Ga., Trustee.

Frederick A. Bading, Athens, Ga., Larry K. Scroggs, Memphis, Tenn., for defendant.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

On November 12, 1986, David E. Lawrence, Debtor, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On March 11, 1987, William M. Flatau, Trustee, Plaintiff, filed a complaint against Tribble's Shoes, Inc., Defendant, asserting that Defendant had received a preferential transfer which should be avoided.[1] On September 10, 1987, Plaintiff filed a motion for summary judgment.[2] On November 12, 1987, Defendant filed a motion to join Wohl Shoe Company as an indispensable defendant[3] or, alternatively, to dismiss the complaint if Wohl Shoe Company cannot be joined.

The Court, having considered the evidence and the briefs of counsel, now publishes its findings of fact and conclusions of law.

### FINDINGS OF FACT

The following facts are established by the affidavits, depositions, answers to Plaintiff's interrogatories, exhibits, pleadings, arguments, and briefs of counsel submitted to this Court.

On November 15, 1984, Debtor purchased a business, known as Fanfare Shoes, from Defendant. In connection with the sale, Debtor executed a promissory note in the amount of $71,450 in favor of Defendant. The promissory note was secured by a security interest in Debtor's inventory, accounts receivable, and fixtures. On October 24, 1985, Defendant filed a UCC–1 Financing Statement in Clarke County, Georgia, where Fanfare Shoes is located. Defendant never filed a financing statement in Oconee County, Georgia, even though Debtor was a resident of Oconee County during all relevant times and has never resided in Clarke County.

In order to operate Fanfare Shoes, Debtor established a line of credit with Wohl Shoe Company (Wohl). The credit line had a ceiling of $50,000. Defendant executed a guaranty agreement with Wohl in order to help Debtor acquire the line of credit. Thus, in the event Debtor defaulted, Wohl was entitled to look to Defendant for payment.

Fanfare Shoes began to suffer a decline in business in September of 1985. Debtor continued to operate the business, but was unable to do so profitably. On or about October 31, 1986, Debtor was in default under the terms of the promissory note. Debtor had also reached the ceiling on its line of credit with Wohl.

On October 31, 1986, Debtor and Defendant entered into a purchase agreement. Pursuant to this agreement, Debtor transferred all assets of Fanfare Shoes to Defendant. In exchange for this transfer, Defendant waived its right to pursue a foreclosure. Defendant sold the business to Albert Ruth, Inc. on November 1, 1986. In its answer to question number four of Plaintiff's interrogatories, Defendant stated that in consideration for the transfer of the assets of Fanfare Shoes to Albert Ruth, Inc., Albert Ruth, Inc. assumed $10,324.20 of liability on the line of credit extended by Wohl to Debtor and on which Defendant was liable as a guarantor. Additionally, Albert Ruth, Inc. paid Defendant the sum of $10,256.17. Defendant transferred $9,675.80 of this amount to Wohl to be applied against Debtor's line of credit. Thus, Defendant received consideration from Albert Ruth, Inc. totalling $20,580.17.

---

1. See 11 U.S.C.A. § 547(b) (West 1979 & Supp. 1987).

2. See R.Bankr.P. 7056; Fed.R.Civ.P. 56.

3. See R.Bankr.P. 7019; Fed.R.Civ.P. 19. See also R.Bankr.P. 7012; Fed.R.Civ.P. 12.

Debtor filed a petition for relief in Chapter 7 on November 12, 1986. Debtor's bankruptcy schedules reflect assets totalling $92,950 and debts totalling $210,-798.96.

## CONCLUSIONS OF LAW

The Court will initially address Defendant's motion to join Wohl as an indispensable defendant under Bankruptcy Rule 7019.[4] Bankruptcy Rule 7019 essentially adopts Rule 19 of the Federal Rules of Civil Procedure.[5] Rule 19 provides, in pertinent part:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed.R.Civ.P. 19(a).

■ In this adversary proceeding, Plaintiff seeks recovery of an alleged preferential transfer from Defendant, the initial transferee. Section 550(a)(1) of the Bankruptcy Code expressly allows recovery from initial transferees.[6] The Court finds that section 550 allows complete relief to be accorded in this adversary proceeding without the presence of Wohl, therefore joinder of Wohl is not mandated by Rule 19(a)(1).

■ Defendant also contends that nonjoinder of Wohl will subject Defendant to inconsistent or multiple liability.[7] Assuming that Plaintiff is entitled to recover the value of the transfer from Defendant,[8] Defendant's liability to Wohl under the guarantee agreement will not be affected. Under the guarantee agreement, Wohl is entitled to seek repayment of $50,000 from Defendant. Defendant has paid Wohl a portion of this amount. The source of the funds that Defendant used to pay Wohl is irrelevant to the issue before the Court. Thus, Wohl does not claim an interest relating to the subject of this adversary proceeding.

In essence, the Court finds that nonjoinder of Wohl would not affect Defendant's potential liability to Plaintiff nor would it subject Defendant to inconsistent or multiple liability since Defendant is liable to Wohl under the guarantee agreement regardless of the outcome of this adversary proceeding. Defendant's motion to join Wohl under Bankruptcy Rule 7019 will be denied. Since the Court has determined that Wohl is not an indispensable party, Defendant's motion to dismiss will also be denied.

The Court must now address Plaintiff's motion for summary judgment. In deciding a motion for summary judgment, the Court must follow the standard set forth in Bankruptcy Rule 7056,[9] which adopts Rule 56 of the Federal Rules of Civil Procedure in its entirety.[10] Rule 56 provides, in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

4. R.Bankr.P. 7019.

5. Fed.R.Civ.P. 19.

6. 11 U.S.C.A. § 550(a)(1) (West 1979 & Supp. 1987).

7. Fed.R.Civ.P. 19(a)(2).

8. Section 550 allows a trustee to recover either the property transferred or the value of the property transferred. 11 U.S.C.A. § 550 (West Supp.1987).

9. R.Bankr.P. 7056.

10. Fed.R.Civ.P. 56.

moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

In a motion for summary judgment, the movant bears the initial burden of showing that no genuine issue of a material fact for trial exists and that movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Tidwell v. Merchants & Farmers Bank of Milledgeville (In re Dempster),* 59 B.R. 453, 455 (Bankr.M.D.Ga.1984). Once the movant has met this burden, the burden shifts to the nonmoving party to come forward with specific evidence that presents a factual issue for trial. *Adickes,* 398 U.S. at 160, 90 S.Ct. at 1609–10; *In re Dempster,* 59 B.R. at 455.

Plaintiff seeks to avoid the October 31, 1986 transfer of the assets of Fanfare Shoes to Defendant under Section 547(b) of the Bankruptcy Code.[11] Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547(b) (West 1979 & Supp. 1987).

Defendant has admitted that it received the transfer of assets for or on account of an antecedent debt within ninety days before the filing of Debtor's Chapter 7 petition. Thus, it only remains for Plaintiff to meet his burden of proof on the third and fifth elements of section 547(b).

■ The third element of section 547(b) requires Plaintiff to show that Debtor was insolvent when the transfer occurred. As evidence of Debtor's insolvency, Plaintiff relies on the statutory presumption of insolvency set forth in section 547(f).[12] Section 547(f) provides: "(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C.A. § 547(f) (West 1979). Thus, the burden is shifted to Defendant to produce some evidence tending to show that Debtor was solvent at the time of the transfer. *In re Dempster.* Defendant has presented the Court with no evidence tending to show that Debtor was solvent, thus Plaintiff is entitled to prevail on the issue of Debtor's insolvency.

■ The fifth element of section 547 requires Plaintiff to show that the transfer allowed Defendant to receive more than it would have received in a distribution under Chapter 7 if the transfer had not occurred. Unless the assets in a bankruptcy estate are sufficient to provide in liquidation a one hundred percent distribution to creditors, any unsecured creditor holding an unsecured claim who receives a payment during the preference period is in a position to receive more than it would have in a Chapter 7 liquidation. *Sweetapple Plastics, Inc. v. Philip Shuman & Sons, Inc. (In re Sweetapple Plastics, Inc.),* 77 B.R. 304, 311 (Bankr.M.D.Ga.1987) (citations omitted).

11. 11 U.S.C.A. § 547(b) (West 1979 & Supp. 1987).

12. 11 U.S.C.A. § 547(f) (West 1979).

To meet his burden with respect to the fifth element, Plaintiff relies on Debtor's Chapter 7 bankruptcy schedules, which list debts totalling $210,789.96 and assets totalling $92,950. Accordingly, Plaintiff has shown that a one hundred percent distribution to unsecured creditors is not possible in Debtor's Chapter 7 bankruptcy case. Defendant, however, contends that its security interest was perfected under Georgia law and therefore Defendant is not an unsecured creditor.

■ The Code of Georgia provides that, if the debtor is a resident individual, then the creditor must file a financing statement in the county where the debtor resides in order to perfect its security interest.[13] If the debtor is a partnership, however, then the creditor must file a financing statement in the county where the debtor's principal place of business is located.[14] In its brief opposing Plaintiff's motion for summary judgment, Defendant states that it filed a financing statement only in Clarke County because it was relying on the representation that Debtor and his wife were to operate Fanfare Shoes as co-owners. Defendant has not submitted any evidence to show that Debtor or his wife ever made any express representation that he and his wife operated Fanfare Shoes as a partnership. The only evidence submitted by Defendant in support of its position is the deposition of Debtor. Defendant relies on Debtor's statements regarding his wife's responsibilities and duties in the operation of Fanfare Shoes. Having examined the deposition of Debtor, however, the Court is persuaded that the responsibilities of Debtor's wife were managerial in nature and are insufficient to establish the existence of an ownership interest.

Defendant also supports its position by statements in the deposition of Debtor that reveal that Debtor's wife did not receive a salary per se, but instead received a "draw" that varied according to the profits of Fanfare Shoes. Section 14–8–7 [15] of the Code of Georgia provides:

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business; provided, however, that no such inference shall be drawn if profits were received in payment of the following, even though the amount of payment varies with the profits of the business:

. . . .

(B) Wages, salary, or other compensation to an employee or independent contractor;

O.C.G.A. § 14–8–7(4)(B) (Supp.1987). In his deposition, Debtor stated that during the first year in which he operated Fanfare Shoes, his wife was compensated for her work by means of a draw, which varied in amount. On the advice of an accountant, however, Debtor's wife completed a W–2 Wage and Tax Statement form for the 1986 taxable year and her compensation was subject to Social Security and state and federal withholding taxes. Thus, Debtor's wife was compensated as an employee and the Court may draw no inference of partnership based upon her compensation.

In Georgia, the issue of partnership "is generally a mixed question of law and fact, and cannot be resolved as a matter of law *unless the verdict one way or the other is demanded by the evidence.*" *Pope v. Triangle Chemical Co.,* 157 Ga.App. 386, 277 S.E.2d 758 (1981) quoting *Miraglia v. Gose,* 17 Ga.App. 639, 87 S.E. 906 (1916) (emphasis added). Debtor's 1984 tax returns reflect that Fanfare Shoes was operated as a sole proprietorship. The purchase agreements between Debtor and Defendant are signed only by Debtor and Defendant. In his affidavit, Hulen Tribble, the president of Defendant, states that he transferred ownership of Fanfare Shoes to Debtor. Although Defendant asserts that it relied on representations that Fanfare Shoes was being operated as a partnership when Defendant filed the UCC financing statement in Clarke county, the financing statement on its face reflects that Fanfare Shoes was a sole proprietorship. The

---

**13.** O.C.G.A. § 11–9–401(1)(b) (1982).

**14.** *Id.*

**15.** O.C.G.A. § 14–8–7 (Supp.1987).

Court concludes that, as a matter of law, the evidence demands a finding that a partnership did not exist between Debtor and his wife.

One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett.* The Court finds that Plaintiff has established each of the elements of a preferential transfer under section 547(b). Defendant has failed to make a showing of evidence sufficient to establish the existence of any genuine issue concerning a material fact, therefore Plaintiff is entitled to judgment as a matter of law. The Court will grant Plaintiff's motion for summary judgment.

Plaintiff seeks to recover the value of the transfer under section 550 of the Bankruptcy Code. The transfer occurred on October 31, 1986. On November 1, 1986, Defendant transferred the property to Albert Ruth, Inc. for a consideration of $20,-580.37. The Court accepts this amount as the fair market value of the property on October 31, 1986. Plaintiff is entitled to recover $20,580.37 plus interest from the date of the filing of the complaint in this adversary proceeding.

Plaintiff requests that he be awarded costs in this adversary proceeding. Plaintiff's request will be granted.

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that the "Motion of Defendant, Tribble's Shoes, Inc., to Join Wohl Shoe Company as an Indispensable Defendant or in the Alternative to Dismiss Action if Wohl Shoe Company Cannot be Joined" filed on November 12, 1987 hereby is denied; and it is further

ORDERED that the "Motion for Summary Judgment" filed by William M. Flatau, Trustee, Plaintiff, on September 10, 1987, hereby is granted; and it is further

ORDERED that Plaintiff is entitled to recover the value of the property at the time of the transfer, which is determined to be $20,580.37; and it is further

ORDERED that Plaintiff have judgment against Defendant in the principal amount of $20,580.37 plus interest from March 11, 1987, the date this adversary proceeding was commenced, with interest to run until satisfaction of this Court's judgment; and it is further

ORDERED that Plaintiff's request for an award of costs in this adversary proceeding hereby is granted; and it is further

ORDERED that this order be entered on the docket on the date set out below.